# Exhibit 16

CERTIFIED TRANSLATION

# Extract from "Selskabsloven med kommentarer" (the Danish Companies Act with comments)

Edition: 3

Published by: Karnov Group Denmark A/S

Year of publication: 2018

ISBN: 978-87-619-4018-6

Authors: Lars Bunch and Søren Corfixsen Whitt

**Page 95**

It means, that the share capital must be a precisely determined amount. A floating share capital, for example "the share capital is at least DKK 500,000" cannot be registered.

A public limited company must be established with a share capital of at least DKK 500,000.

A partner company must also be established with a share capital of at least DKK 500,000, cf. section 358 of the Danish Companies Act.

A private limited company must be established with a share capital
of at least DKK 50,000.

Until 1 January 2014, when the amendment of the Act resulting from the evaluation of the Companies Act, cf. Act no. 616 of 12 June 2013, entered into force, the minimum requirement for the share capital in a private limited company was DKK 80,000.

The comments to Act no. 616 of 12 June 2013 contain the following regarding the amendment:

»The Companies Act, section 4, subsection 2, states the minimum capital that respectively public limited companies and private limited companies must have,. The requirement for limited liability companies' capital of DKK 500,000 is based on the Second Companies Directive, which sets the lower limit for the share capital. Private limited companies are not covered by the provisions on share capital in the Second Companies Directive (77/91 / EEC), which are thus nationally determined capital requirements. According to the applicable provision in section 4, subsection 2, private limited companies must have a capital of DKK 80,000. The reason for having a legal minimum of share capital is based on a desire to protect creditors from suffering losses. By stipulating that there must be a certain amount of capital in capital companies, combined with provisions on the distribution of the company's funds, one has ensured that the rules are in consideration of the creditors. The capital requirement applies both in connection to the establishment of the company and subsequently in connection to capital increases, which entails that the share capital cannot subsequently be reduced to an amount below the statutory minimum. The Modernization Committee assessed in connection with the modernization of the Danish company law, that the legal minimum requirements for private limited companies do not in fact have a greater significance, but that the protection of creditors is better achieved by requiring the company to have a reasonable capital that is proportionate to the company's activities at all times, and by making the management of the company personally responsible for this matter, cf. report no. 1498 of 26 November 2008.

The evaluation of the Danish Companies Act has furthermore shown that despite the reduction of the share capital requirement on private limited companies from DKK

125,000 to DKK 80,000 there has not been any significant increase of the amount of foundations. It is assessed based on the evaluation of the Danish Companies Act that the share capital requirement should undertake a relaxation, but it is simultaneously assessed that it is not appropriate to remove the requirement completely. Therefore, it is recommended that section 4, subsection 2, is amended so that the requirement of the share capital for private limited companies is decreased to DKK 50,000. The recommended amendment of the share capital requirement shall be seen in connection to the recommendation to abolish the corporate form limited liability company, cf. section 2, no. 1 of the bill in accordance with the Act on Certain Business Companies. «

As part of the evaluation of the Danish Companies Act a specific type of private limited companies called entrepreneur company was introduced, in which the share capital requirement is DKK 1,00 cf. section 357 a, subsection 2, and the comments to the provision. In that connection it should also be noted that there in terms of entrepreneur companies exist a maximum for the share capital amount because the definition of an entrepreneur company, cf. section 4, no. 14 is that an entrepreneur company is a private limited company where the share capital does not amount to at least DKK 50,000. The share capital of an entrepreneur company can thus maximum equal to DKK 49,999. In that respect entrepreneur companies distinguish themselves from the remaining company forms where there is no maximum for the size of the share capital, and there is thus nothing to prevent the share capital in a private limited company, for example, amounting DKK 5 billion.

The share capital may not subsequently be reduced to amounts lower than the stipulated minimum requirements for the individual company forms. This means, notwithstanding that an entrepreneurial company is a special form of private limited company, that it is not possible for a private limited company to reduce the capital to

less than DKK 50,000 and have the company registered as an entrepreneurial company. Special legislation may contain stricter capital requirements, e.g. for banks. Notwithstanding the provisions of subsection 2 minimum requirements for the share capital, it is the management's responsibility that the company's capital resources are at all times justifiable in relation to the company's operations, cf. sections 115, 116 and 118 of the Danish Companies Act. The required capital base depends in more detail on the individual capital company's business basis and risk profile. The management will thus, depending on the circumstances, be subject to responsibility if the management does not have the necessary attention in this area. With regard to the responsibility of the individual management bodiesto ensure sound capital resources, reference is otherwise made to note 7 to section 115, note 5 to section 116 and note 4 to section 118.

# Uddrag fra "Selskabsloven med kommentarer"

Udgave: 3

Udgivet af: Karnov Group Denmark A/S

År: 2018

ISBN: 978-87-619-4018-6

Forfatter: Lars Bunch og Søren Corfixsen Whitt

**Side 95**

Det betyder, at selskabskapitalen skal være et præcist fastsat beløb. En flydende angivelse, eksempelvis »selskabskapitalen udgør mindst 500.000 kr.«, kan ikke registreres.

Et aktieselskab skal stiftes med en selskabskapital på mindst 500.000 kr.

Et partnerselskab skal ligeledes stiftes med en selskabskapital på mindst 500.000 kr., jf. selskabslovens § 358.

Et anpartsselskab skal stiftes med en selskabskapital på mindst 50.000 kr.

Indtil I. januar 2014, hvor lovændringen afødt af evalueringen af selskabsloven, jf. lov nr. 616 af 12. juni 2013, trådte i kraft, var minimumskravet til selskabskapitalen i et anpartsselskab 80.000 kr.

Bemærkningerne til lov nr. 616 af 12. juni 2013 indeholder følgende om ændringen:

»Selskabslovens § 4, stk. 2, fastslår hvilken minimums kapital henholdsvis aktieselskaber og anpartsselskaber skal have. Kravet til aktieselskabers kapital på 500.000 kr. er baseret på 2. selskabsdirektiv, der fastsætter en nedre grænse for aktiekapitalen. Anpartsselskaber er ikke omfattet af bestemmelserne om selskabskapital i 2. selskabsdirektiv (77/91/EØF), der er således tale om nationalt fastsatte kapitalkrav. Efter den gældende bestemmelse i § 4; stk. 2, skal anpartsselskaber have en kapital på 80.000 kr. Baggrunden for at have et legalt minimum for selskabskapital er begrundet i et ønske om at beskytte kreditorerne mod at lide tab. Ved at fastsætte bestemmelser om, at der skal være en vis kapital i kapitalselskaber, kombineret med bestemmelser om uddeling af selskabets midler kun kan ske under hensyntagen til kreditorerne, skabes der en tryghed hos kreditorerne. Kapitalkravet gælder både ved stiftelsen og ved efterfølgende forhøjelser og medfører desuden, at kapitalen ikke efterfølgende kan nedsættes til et beløb under det lovfastsatte minimum. Moderniseringsudvalget vurderede i forbindelse med moderniseringen af selskabsretten, at det legale minimums krav for anpartsselskaber reelt set ikke har en større betydning, men at beskyttelsen af kreditorerne bedre opnås ved krav om, at selskabet til enhver tid har en forsvarlig kapital, der står i rimelig forhold til selskabets aktiviteter, og ved at gøre ledelsen personligt ansvarlig for dette forhold, jf. betænkning nr. 1498 af 26. november 2008.

Evalueringen af selskabsloven har desuden vist, at der ikke er sket en væsentlig stigning i antallet af stiftelser af anpartsselskaber trods nedsættelsen af kapitalen fra 125.000 kr. til 80.000. Det vurderes på baggrund af evalueringen af selskabsloven, at kapitalkravet for anpartsselskabet bør lempes, men det vurderes samtidigt ikke hensigtsmæssigt at fjerne kapitalkravet for anpartsselskaber fuldstændigt. Det foreslås

på den baggrund, at § 4, stk. 2, ændres således, at kapitalkravet for anpartsselskaber nedsættes til 50.000 kr. Den foreslåede ændring af kapitalkravet skal også ses i sammenhæng med den foreslåede afskaffelse af virksomhedsformen selskab med begrænset ansvar, jf. lovforslagets § 2, nr. 1, i henhold til lov om visse erhvervsdrivende virksomheder.«

Som led i evalueringen af selskabsloven blev der indført en særlig type anpartsselskaber benævnt iværksætterselskaber, hvor minimumskravet til selskabskapitalen er 1 kr., jf. § 357 a, stk. 2, og noterne til denne bestemmelse. Det skal i denne forbindelse også nævnes, at der for iværksætterselskaber også gælder et maksimum for selskabskapitalens størrelse, idet det fremgår af definitionen på et iværksætterselskab, jf. § 5, nr. 14, at et iværksætterselskab er et anpartsselskab, hvor selskabskapitalen ikke udgør mindst 50,000 kr. Selskabskapitalen i et iværksætterselskab kan således maksimalt være 49.999 kr. På dette punkt adskiller iværksætterselskaber sig fra de øvrige selskabsformer, hvor der ikke er noget maksimum for selskabskapitalens størrelse, og der er således ikke noget til hinder for, at selskabskapitalen i et anpartsselskab eksempelvis udgør 5 mia. kr.

Selskabskapitalen kan ikke efterfølgende nedsættes til beløb lavere end de fastsatte minimumskrav for de enkelte selskabsformer. Dette betyder, uagtet at et iværksætterselskab er en særlig form for anpartsselskab, at det ikke er muligt for et anpartsselskab at nedsætte kapitalen til under 50.000 kr. og lade selskabet registrere som et iværksætterselskab. Særlovgivning kan indeholde skærpede kapitalkrav, f.eks. for pengeinstitutter. Uanset det i stk. 2 anførte minimumskrav til selskabskapitalen er det ledelsen ansvar, at selskabets kapitalberedskab til enhver tid er forsvarligt i forhold til selskabets drift, jf. §§ 115, 116 og 118. Det nødvendige kapitalgrundlag afhænger nærmere af det enkelte kapitalselskabs forretningsgrundlag og risikoprofil. Ledelsen

vil således efter omstændighederne kunne ifalde ansvar, hvis ledelsen ikke har den nødvendige opmærksomhed på dette område. Med hensyn til de enkelte ledelsesorganers ansvar for at sikre et forsvarligt kapitalberedskab henvises i øvrigt til note 7 til §115, note 5 til §116 og note 4 til §118.

I, the undersigned, Julie Marie Christiansen, certify that I am fluent in both the English and Danish languages and that the preceding text in the English language is to the best of my knowledge and belief a true and faithful translation of the attached extract from the Danish textbook Selskabsloven med kommentarer, ISBN 978-87-619-4018-6 in the Danish language.

Copenhagen, 6 June 2022

Julie Marie Christiansen
Assistant Attorney, LLM